576

IN THE MATTER OF THE APPLICATION FOR LETTERS OF ADMINISTRATION *AD PROSEQUENDUM* OF BABY STRONG.

Superior Court of New Jersey
Appellate Division

Argued February 20, 1961—Decided February 28, 1961.

Before Judges CONFORD, FREUND and KILKENNY.

*Mr. Benjamin Edelstein* argued the cause for plaintiff-appellant.

No appearance for defendant-respondent.

PER CURIAM. Pearl Strong died April 20, 1960 as a result of injuries sustained in an automobile accident. A few minutes after her death she was delivered by Caesarian section of a six to seven-month foetus, born dead. Mrs. Strong left her surviving a husband, James J. Strong, and a 14-month-old infant daughter.

Application was made by Mr. Strong to the Surrogate of Monmouth County for letters of administration *ad prosequendum* on behalf of the estate of Pearl Strong and of the supposed estate of the child born dead, styled by applicant Baby Strong. Letters were issued for the estate of the mother but denied for that of the child on the ground that the foetus was not proved "viable." Upon review of this ruling in the Monmouth County Court, Probate Division, medical testimony was taken indicating the infant was dead at delivery, but had probably been "alive" within two hours before; that "most likely" the automobile accident and the injury to the mother had caused the death of the unborn infant. The court denied the application for letters for the reason that the child "was never born." Hence this appeal.

The alleged tortfeasor was not a party to the proceedings below and is not a party upon this appeal. We have before us only the applicant, James J. Strong. It is argued on his behalf that the next of kin of the deceased child have a cause of action for his wrongful death and that it was error to deny the letters since the statute requires that the action must be brought in the name of an administrator *ad prosequendum* of the intestate decedent. *N. J. S.* 2A:31–2.

■■ The legal question as to the existence of a cause

of action for the tortious causation of death before birth was left open by the Supreme Court in the recent decision of *Smith v. Brennan,* 31 *N. J.* 353, 356, 357, 360, 361 (1960), which overruled prior holdings and held that an.action might be brought on behalf of a child surviving its birth for injuries inflicted upon it prenatally. It is obvious that we cannot make a decision on this question in relation to the here asserted cause of action which will bind the alleged tortfeasor, not a party below or here. It is therefore inadvisable that we should decide the legal question on the *ex parte* argument of appellant, merely to determine the abstract question whether letters are issuable in respect to an unborn "decedent." Since, however, the issuance of letters of administration *ad prosequendum* is a statutory prerequisite to the maintenance of a death action, the only practical way in which a determination of the meritorious question may be had upon argument by, and with binding effect upon, both sides in real interest, is for the letters to issue, but without prejudice, so that a proper suit may be prosecuted in which the defendant will have an opportunity to be heard as to the merits.

We were informed by appellant at argument that an action has in fact been instituted against the alleged tortfeasor by petitioner, purportedly as administrator *ad prosequendum.* The cause will be remanded and the County Court directed to order the issuance to appellant of letters of administration *ad prosequendum* without prejudice to the question whether the cause of action will lie against the alleged tortfeasor. Our disposition of this matter, of course, implies no view at all on that question. The issuance of letters will be effective *nunc pro tunc* although after actual institution of the action. *Cammarata v. Public Service, etc., Transport,* 124 *N. J. L.* 38 (*E. & A.* 1940).

So ordered. No costs.